UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV-206-R

CLESSIE MEADOR and SONDRA MEADOR                                    PLAINTIFFS

v.

INDIANA INSURANCE COMPANY                                            DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on motion to remand (Dkt. # 5) of Plaintiffs Clessie and Sondra Meador. Defendant Indiana Insurance Company responded (Dkt. # 6), and this matter is now ripe for decision. For the following reasons, Plaintiffs' Motion to Remand will be **DENIED**.

## BACKGROUND

Plaintiffs Clessie and Sondra Meador filed their complaint in this case in Allen Circuit Court in Scottsville, Kentucky on August 18, 2004. Initially, the Complaint named only Houchens Industries, Inc. (d/b/a/ Sav-a-lot) ("Houchens") and Royal Crown Bottling Corporation ("RC") and sought damages for negligence and loss of consortium as a result of an accident in which a display of RC soft drinks fell on Mr. Meador while he was on the premises of Sav-a-lot. Then, on February 15, 2005, Plaintiffs filed an Amended Complaint which named Indiana Insurance Company ("Indiana Insurance") and claimed damages for alleged bad faith and violation of the Kentucky Unfair Settlement Practices Act and the Kentucky Consumer Protection Act. Indiana Insurance then filed a motion to bifurcate the bad faith claim for purposes of discovery and for trial; the Allen Circuit Court initially granted the bifurcation for

1

trial but denied the bifurcation of the discovery, saying that it was "persuaded that the tort claims and the bad faith claims are inextricably intertwined, that [Indiana Insurance] will not be unduly prejudiced by simultaneous discovery, and that counsel, with guidance from the Court, will be able to navigate the perils of avoiding mention of insurance when the tort claims are tried." (Order of April 5, 2005, page 50 of Attachment # 2 to Notice of Removal, Dkt. # 1).  On June 17, 2005, the Court *sua sponte* reconsidered its decision to allow discovery to proceed on the bad faith claim, and ordered such discovery stayed "until and unless the plaintiffs obtain a recovery against defendant Houchens, Inc."  (*Id.* at 53).  In November, 2005, the tort claims were settled, leaving only the bad faith claim(s) against Indiana Insurance.  On December 15, 2005, Indiana Insurance filed its Notice of Removal to this court, and Plaintiffs now seek remand of the case to Allen Circuit Court.

## DISCUSSION

Plaintiffs argue that Indiana Insurance's removal of the case failed to meet the requirements of 28 U.S.C. § 1446(b) because it (1) failed to remove within one year of the "commencement of the action" and/or (2) failed to remove within thirty days of its receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Defendant responds that the date of the "commencement of the action" should be the date of the Amended Complaint which named Indiana Insurance and asserted the bad faith claim - February 15.  Further, it argues that the case did not become removable until the tort claims against the diversity-destroying defendants (Houchens Industries, Inc. and RC) were dismissed, removing those parties from the case.

2

**The one-year limitation**

In support of its claim that the one-year period in § 1446(b) should begin to run on the date of filing of the Amended Complaint, Defendant cites two cases from our sister court, *Norman v. Sundance Spas*, 844 F.Supp. 355 (W.D.Ky. 1994) and *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp. 1214 (W.D. Ky 1996).  In *Norman*, the court held that an action "commenced" only when filed by the plaintiff, rejecting a defendant's argument that later-joined defendants should have one year from the date of their joinder to remove.  844 F.Supp. at 359.  However, in that case the court noted the condition that the controversies "arise[] from the same transaction and occurrence, i.e., personal injury..." *Id.*  It further said that "[t]he only situation in which construing 1446(b) as creating a separate commencement date for later-joined defendants would be consistent with the separable controversy doctrine is where a plaintiff has joined two causes of action involving separate defendants." *Id.*, at note 10.  Defendant argues that Plaintiffs' actions in this case - amending their complaint to assert the bad faith claims - present exactly this situation.

The *Norman* court analogized the situation before it to that presented in *American Fire & Cas. Co. v. Finn*, where the Supreme Court imposed the "separate transaction or occurrence" rule on removals in cases containing both removable and non-removable claims. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).  In that case, the Supreme Court held that removal to federal court of a case which involved both removable and non-removable claims was only appropriate where those claims arose out of separate transactions or occurrences.  *Id.* at 539-40.  It held that "...where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and

independent claim or cause of action..." *Id.* at 540. It further said that, in evaluating whether the claims arise out of separate transactions or occurrences, "the plaintiff's pleading ... controls." *Id.*

The Court agrees with the *Norman* court that the same principle should apply to distinguish between later-joined defendants. Those whose liability arise out of the same cause of action are bound by the same commencement date; as here, however, where the wrongful action alleged is entirely separate from that of the other defendants, a later commencement date is consistent with the purposes of § 1446(b).

**The thirty-day limitation**

Plaintiffs argue that Defendant also failed to remove within the thirty-day limitation in § 1446(b), urging that the thirty-day period should begin to run from the date of the Allen Circuit Court's full severance of the bad faith claim from the underlying tort claims. At that time, however, the case was not removable from state court, because Houchens and RC were still parties to the action; the Circuit Court's severance of the bad faith claims did not create a new cause of action. Only when the trial court dismissed Houchens and RC, after the settlement, did the case become removable. Because Indiana Insurance filed its notice of removal within thirty days of that event, it was properly filed under § 1446(b).

## CONCLUSION

For the reasons outlined above, Plaintiffs' Motion to Remand will be **DENIED**.

An appropriate order shall issue.